UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ann Eleanor Ploetz, as Trustee
For the Laudine L. Ploetz,
1985 Trust,

      Petitioner,

v.

Morgan Stanley Smith Barney, LLC,

      Respondent.

Civil No. 17-1112 (PAM/DTS)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on a Petition to Vacate Arbitration Award. For the following reasons, the Petition is denied.

**BACKGROUND**

Petitioner Ann E. Ploetz, in her capacity as Trustee of the Laudine L. Ploetz, 1985 Trust, sought to arbitrate tort and contract claims against Respondent Morgan Stanley Smith Barney ("MSSB"), accusing MSSB of making unauthorized transfers from the Trust's account. (Pet. (Docket No. 1) Ex. A at 1; MacDonald Aff. (Docket No. 3) ¶ 2.) Under the arbitration rules of the Financial Industry Regulatory Authority ("FINRA"), the arbitration panel was comprised of three arbitrators. (Pet. Ex. A at 4.) After more than a year of discovery, and less than a week before the January 2017 arbitration was to begin, the chairperson of the panel resigned due to a scheduling conflict. (Kendrick Aff. (Docket No. 11) ¶ 3-4.) The parties agreed to truncated procedures for selecting another arbitrator, and ultimately selected Barry Goldman as the new chair of the panel. (MacDonald Aff. ¶ 4.)

FINRA requires that arbitrators disclose any potential conflicts, including past service as an arbitrator or mediator. FINRA Rule 12405. Goldman disclosed that he had served as an arbitrator in proceedings involving MSSB on four occasions and was currently serving as an arbitrator in two pending MSSB arbitrations. (MacDonald Aff. Ex. 5.) Neither party sought to disqualify him on the basis of these contacts with MSSB. After a two-day hearing, the panel unanimously determined that Ploetz's claims were without merit. (Pet. Ex. A.)

In February, Ploetz's attorney learned that Goldman had served as a mediator in a 2012 proceeding in Michigan involving MSSB. (MacDonald Aff. ¶ 9.) Mediation under FINRA is voluntary and private, akin to settlement discussions, and thus there was no record of this proceeding and it was handled by attorneys not involved in the instant arbitration. The 2012 mediation was unsuccessful and that case eventually proceeded to arbitration, with the arbitration panel finding for the claimant and against MSSB. (Kendrick Aff. ¶ 7.) There is no indication that Goldman was involved in the case after the unsuccessful mediation.

Ploetz contends that Goldman's failure to disclose his service as a mediator on the prior MSSB case warrants vacating the arbitration award and requiring the parties to arbitrate the case anew.

**DISCUSSION**

**A.    Service of Petition**

MSSB argues that it was not served with the Petition in the manner the statute requires and that any attempted service now would be untimely. A motion to vacate must

be served within three months of the award. 9 U.S.C. § 12. MSSB contends that the statute requires service by marshal because MSSB is not a resident of Minnesota. The statute provides that nonresident parties must be served "by the marshal of any district within which the adverse party may be found in like manner as any other process of the court." Id. But the statute provides that residents may be served "as prescribed by law for service of notice of motion in an action in the same court." Id. Ploetz mailed the Petition to MSSB's main office in New York and to MSSB's attorney in the underlying arbitration, which complies with Fed. R. Civ. P. 5's requirements for service of notice of motion.

MSSB has seven offices in Minnesota. Thus, under both federal and Minnesota law, it is a "resident" of Minnesota. As an LLC, federal law deems MSSB to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). MSSB makes no argument that it is not subject to this Court's personal jurisdiction for this proceeding. And under Minnesota law, a corporation or other such entity "shall be considered as residing in any county wherein it has an office, resident agent, or business place." Minn. Stat. § 542.09. Again, MSSB has multiple offices in Minnesota. Service was proper.

**B.     Motion to Vacate**

"Under the [Federal Arbitration Act,] courts may vacate an arbitrator's decision 'only in very unusual circumstances.'" Oxford Health Plans LLC v. Sutter, 569 U.S. —, 133 S. Ct. 2064, 2068 (2013) (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942 (1995)). The FAA lists the only circumstances under which a court may vacate

3

an arbitration award. Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 590 (2008). These grounds are:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators . . . ;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

Ploetz contends that the award should be set aside for evident partiality and for arbitrator misbehavior. She relies almost solely on a 1968 Supreme Court decision, Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145 (1968) and a New Jersey district court decision from 1958, Rogers v. Schering Corp., 165 F. Supp. 295 (D.N.J. 1958). She contends that it is inappropriate for the Court to consider any more recent appellate court interpretations of Commonwealth Coatings because the Supreme Court itself has not changed the Commonwealth Coatings holding. Her position that the law on this issue is sclerotic and may only be refined by the Supreme Court is not supported by either subsequent caselaw or by our legal system's precedent-based jurisprudence, which relies on the evolution of legal principles through subsequent interpretations of Supreme Court opinions.

According to Ploetz, because the parties agreed to be bound by the FINRA rules, and because the FINRA rules provide that failure to disclose is a "circumstance[] which might preclude the arbitrator from rendering an objective and impartial determination," FINRA Rule 12405(a)(4), a refusal to vacate the award would frustrate the parties' bargained-for legitimate expectations, not to mention the FAA's standards. She contends that Commonwealth Coatings sets forth a bright-line rule that when the parties bargain for disclosure of conflicts and the arbitrator fails to disclose a conflict, the arbitration award must be vacated.

But a party contending that an arbitration award should be vacated because of an arbitrator's "evident partiality" bears a "heavy burden." Williams v. Nat'l Football League, 582 F.3d 863, 885 (8th Cir. 2009) (quoting Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., LLC, 519 F.3d 200, 212 (4th Cir. 2008)). Even if an arbitrator fails to make a disclosure regarding potential conflicts of interest, a party must still "demonstrate evident partiality" on the arbitrator's part. Williams, 582 F.3d at 886. "Because arbitration awards are favored, a party seeking to vacate on th[e] ground [of evident partiality] has 'a high burden of demonstrating objective facts inconsistent with impartiality.'" Brown v. Brown-Thill, 762 F.3d 814, 820 (8th Cir. 2014) (quoting Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 105 (2d Cir. 2013)). A busy arbitrator's prior contacts with a large corporate party are "inevitable, requiring a specific showing that particular contacts influenced the arbitrator's resolution of this dispute." Id. (emphasis in original).

5

Here, there is simply no evidence that Goldman's prior mediation with MSSB had any effect on the resolution of Ploetz's claim. Indeed, Goldman disclosed six other MSSB-related proceedings over which he had presided and those proceedings did not cause Ploetz to question his impartiality. Ploetz insists that the Commonwealth Coatings decision sets forth a black-and-white rule: failure to disclose means evident partiality and vacatur of the award. But that is not what the plethora of Eighth Circuit decisions interpreting Commonwealth Coatings hold, and those decisions are as binding on this Court as a Supreme Court decision.

Ploetz does not cite any case decided after Commonwealth Coatings interpreting that decision to require vacatur of an award solely because an arbitrator failed to disclose relevant party contacts. This is likely because there are no such cases. It appears as though every Court of Appeals to have addressed the issue has rejected Ploetz's interpretation of Commonwealth Coatings that "the fact of the nondisclosure alone mandates vacatur under either a 'reasonable impression of bias' or 'appearance of bias' standard." Nationwide Mut. Ins. Co. v. Home Ins. Co., 429 F.3d 640, 644 (6th Cir. 2005); see also id. at 645 (explicitly rejecting "as dicta . . . the appearance of bias standard espoused in the [Commonwealth Coatings] plurality opinion").

Nor can Ploetz establish that Goldman was guilty of misbehavior that would warrant vacating the arbitration award. "A party seeking to vacate an award for misconduct under § 10(a)(3) must show that he was 'deprived of a fair hearing.'" Brown, 762 F.3d at 820 (quoting Grahams Serv. Inc. v Teamsters Local 975, 700 F.2d 420, 422 (8th Cir. 1982)). Ploetz does not argue that she was deprived of a "fair opportunity to

6

present evidence and argument in support of [her] position." Id.; see also Riniker v. UnitedHealth Grp. Inc., No. 12-cv-2875, 2015 WL 1782566, at *4 (D. Minn. Apr. 20, 2015) (Ericksen, J.) ("The paradigmatic § 10(a)(3) challenge is one in which an arbitrator declines to take evidence offered by a party."). Absent any such evidence, she has not established that vacatur is appropriate under § 10(a)(3).

**CONCLUSION**

Petitioner has not established that the arbitration must be vacated. Accordingly, **IT IS HEREBY ORDERED that** the Petition (Docket No. 1) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: <u>May 25, 2017</u>                *s/ Paul A. Magnuson*
                                         Paul A. Magnuson
                                         United States District Court Judge